# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| BERNARD JOHNSON, | ) |
| Petitioner, | ) |
| v. | ) No. 1:18-CV-00193-ACL |
| JASON LEWIS, | ) |
| Respondent. | ) |

## **MEMORANDUM ORDER**

This case is before the Court on Bernard Johnson's Petition Under 28 U.S.C. § 2254 for Writ of Habaes Corpus by a person in state custody.

Johnson is serving a sentence of life in prison for first-degree rape to be followed consecutively by several one-year sentences that run concurrently with each other. The Circuit Court of St. Louis County, Missouri, imposed the sentences after a jury trial for first-degree rape, second-degree statutory rape, victim tampering, unlawful use of a weapon, incest, and failure to appear. The Missouri Court of appeals affirmed the convictions on direct appeal and affirmed the trial court's denial of post-conviction relief.

## **TIMELINESS**

Direct review of the case ended on June 4, 2015, when the fifteen-day period for seeking discretionary review by the Missouri Supreme Court

1

expired. Resp. Ex. 9. The post-conviction review petition was filed on July 13, 2015, roughly 39 days later, tolling the running of the statute of limitations. Resp. Ex. 10 at 1. The mandate issued in the post-conviction appeal on December 13, 2017, restarting the statute of limitations. Resp. Ex. 15. The petition was filed in this Court on July 31, 2018, which was within the one-year statute of limitations.

## STANDARD OF REVIEW

State court decisions on federal issues are entitled to great deference under 28 U.S.C. § 2254(d). A state court decision must be left undisturbed unless the decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or the decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. *Colvin v. Taylor*, 324 F.3d 583, 586-87 (8th Cir. 2003).

A decision is contrary to United States Supreme Court precedent if it decides a case based on a different rule of law than the rule dictated by United States Supreme Court precedent, or if it decides a case differently than the United States Supreme Court did on materially indistinguishable facts. *Id*. A decision may only be overturned as an unreasonable interpretation or application of, clearly established United States Supreme Court precedent, if the decision is both wrong and an objectively unreasonable interpretation or

application of United States Supreme Court precedent. *Id*. A federal habeas court may not disturb an objectively reasonable state court decision on a question of federal law, even if the decision is in the federal court's view, wrong under Eighth Circuit precedent, and even if the habeas court would have decided the case differently on a clean slate. *Id*. Further, failure to extend a United States Supreme Court precedent is not an objectively unreasonable interpretation or application of that precedent. "Section 2254(d)(1) provides a remedy for instances in which a State court unreasonably *applies* this Court's [the United States Supreme Court's] precedent; it does not require courts to **extend** that precedent or license federal courts to treat failure to do so as error." *White v. Woodall*, 134 S.Ct. 1697, 1706 (2014) (emphasis and bold in original). State court factual determinations are presumed to be correct and this presumption can only be rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Merits analysis turns on whether the *decision* of the Missouri courts is consistent with an objectively reasonable application of United States Supreme Court precedent. Under this standard "[a] state court's determination that a claim lacks merit precludes habeas relief so long as fair minded jurists could disagree." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). "If this standard is difficult to meet, that is because it was meant to be." *Id*. "It preserves authority to issue the writ in cases where there is no possibility that fair-minded jurists

3

could disagree that the state court decision conflicts with this Court's [the United States Supreme Court's] precedents. It goes no farther." *Id.*

## DISCUSSION

1.  **Improper Joinder**

Johnson argued to the Missouri Court of Appeals that the trial court should have severed the count charging him with failure to appear from the other offenses with which he was charged, because he alleges he was prejudiced by the joint trial. Resp. Ex. 8 at 3. Here, the court of appeals found the charges were properly joined under Missouri Supreme Court Rule 23.05 because they involved connected acts or transactions in that Johnson failed to appear by not showing up for his criminal trial on the other charges, cutting off his electronic monitoring bracelet and fleeing the state. *Id.* at 4-5. And fleeing rather than attending rather than attending his trial showed Johnson's consciousness of guilt. *Id.*

The court also found there was no substantial prejudice from the joint trial requiring severance as there was no chance of jury confusion caused by the joint trial. *Id.* at 5-6. Here, evidence of the failure to appear would be admissible in a trial for the other charges to show consciousness of guilt, and evidence of the other crimes would be admissible in a trial for failure to appear, in order to show motive for the failure to appear. *See Anderson v. Goeke*, 44F. 3d 675, 678–80 (8th Cir. 1995) (bad acts including uncharged statutory rape by defendant admitted to show motive for murder).

The decision is not contrary to, or an unreasonable application of, clearly established United States Supreme Court precedent and should be left undisturbed under 28 U.S.C. § 2254(d). *See Johnson v. Ramey*, 2018 WL 2839165 at *4–5 (E.D. Mo. June 11, 2018) (analysis rejecting claim that joinder and denial of severance violated due process as these did not render the trial fundamentally unfair).

**2. Ineffective Assistance of Counsel – Failure to Present Mitigating Evidence.**

Johnson argued to the Missouri Court of Appeals that counsel was ineffective for not presenting mitigating evidence of Johnson's chronic heart disease, role as sole support for family members, and limited risk to the community. Resp. Ex. 14 at 7. The Missouri Court of Appeals conducted analysis consistent with *Strickland v. Washington*, 466 U.S. 668 (1984) and concluded that counsel exercised her wide latitude in making strategic decisions and that there is no reasonable probability the outcome of sentencing was changed by the acts and omissions Johnson alleged. *Id*. at 7–10. The court noted counsel did investigate mitigating evidence and objected to statements made by witnesses at the sentencing phase, Johnson's daughter did testify to Johnson's support of her and her children whose father is deceased, and the sentencing assessment report included information about Johnson's criminal

6

record, financial condition, social history, and circumstances affecting his behavior. *Id.*

The decision of the Missouri Court of Appeals is consistent with a reasonable application of *Strickland* and must be left undisturbed.

### 3. Infective Assistance of Counsel – Failure to Object to Audio Tape

Johnson alleges trial counsel was ineffective for failing to object to the admission of an audio tape. Johnson refers to that tape as State's Exhibit 2. It was actually State's Exhibit 6. The Missouri Court of Appeals found the tape was admissible, so counsel could not have been ineffective in not objecting to it. Resp. Ex. 14 at 9–11. Whether the tape was admissible is a question of state law. A federal habeas court cannot disagree with a Missouri Court on the interpretation and application of Missouri law. *See Schleeper v. Groose*, 36 F.3d 735, 737 (8th Cir. 1995). The Missouri Court of Appeals necessarily applied *Strickland v. Washington*, 466 U.S. 668 (1984) in an objectively reasonable manner in rejecting a claim that counsel was ineffective for declining to object to evidence that was not objectionable.

### 4. Ineffective Assistance of Counsel – Failure to Investigate

Johnson alleges that trial counsel was ineffective for not investigating Johnson's and the victim's housing and living conditions. The Missouri Court of Appeals found that the record refuted the claim that trial counsel failed to adequately investigate this matter. Resp. Ex. 14 at 11–12. The Court of

7

Appeals noted that counsel discussed this matter throughout the trial including opening statement, cross-examination, and closing argument. *Id*. The Missouri Court of Appeals reasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984) and its decision should be left undisturbed.

### 5. Systemic Errors in the Grand Jury

Johnson alleges that the post-conviction review motion court erred in rejecting his claim that there were systemic errors in the procedures of the St. Louis County grand jury that indicted him. The Missouri Court of Appeals found that Johnson waived the claim by not raising it prior to trial and on direct appeal. Resp. Ex. 14. *Id*. at 13–15. The Missouri Court of Appeals found that the post-conviction review motion court could not have erred in declining to consider a claim that was not cognizable in a post-conviction relief motion. *Id*. In so far as Johnson is alleging an infirmity in Missouri post- conviction review, which is what he appears to be doing, he presents nothing cognizable for federal habeas corpus review. *Gee v. Groose*, 110 F.3d 1346, 1351–52 (8th Cir.1997).

A petitioner may not allege "cause" excusing the default of a claim of trial court error based on ineffective assistance of appellate counsel if he did not assert a claim of ineffective assistance of appellate counsel for not raising the alleged trial error claim. *See Edwards v. Carpenter,* 529 U.S. 446, 450–54 (1999); *see also Fields v. Roper,* 448 F.Supp.2d 1113, 1117 (E.D. Mo. 2006). The

8

only claim that Johnson raised on direct appeal was a claim about the motion to sever. Resp. Ex. 5 at 13. He did not challenge the effectiveness of direct appeal counsel for not pursuing this ground in his post-conviction appeal. Resp. Ex. 11. So, if Johnson were raising an underlying complaint about grand jury procedures, then there would be no way to reach it here.

The complaint in the post-conviction relief motion did not plead a specific constitutional violation in the grand jury proceedings in this case. Instead, Johnson pleaded that he hoped to find one through investigation and discovery, which he could then raise. Resp. Ex. 10 at 41–45. A federal habeas proceeding is limited to the record presented to the state court. *See Cullen v. Pinholster*, 563 U.S. 170, 181–85 (2011). Johnson did not set out a supported grand jury claim in state court. He cannot develop one now.

The complaint in the post-conviction relief motion did not plead a specific constitutional violation in the grand jury proceedings in this case. Instead, Johnson pleaded that he hoped to find one through investigation and discovery, which he could then raise. Resp. Ex. 10 at 41–45. A federal habeas proceeding is limited to the record presented to the state court. *See Cullen v. Pinholster*, 563 U.S. 170, 181–85 (2011). Johnson did not set out a supported grand jury claim in state court. He cannot develop one now.

## CONCLUSION

For the foregoing reasons, the Court will deny the petition for a writ of habeas corpus

**IT IS FURTHER ORDERED** this Court will not issue a certificate of appealability because Johnson has not made a substantial showing of the denial of a federal constitutional right

SO ORDERED this 30th day of December, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE